THE TREMONT BANK *v.* THE ESTATE OF CHARLES PAINE.

*Effect of an allowance of a negotiable note against the estate of the payor upon an action against the endorser.*

The mere allowance of a promissory note as a valid claim against the estate of its deceased payor, is no defense to an action upon it against an endorser. Nor will an order of the probate court for the payment of a dividend upon the note and other claims allowed against the payor's estate operate, before an actual payment, as a satisfaction *pro tanto.*

In this case the note was allowed against the estate of the payor, in the name of "Andrew T. Hall, President of the Tremont Bank." *Held*, that the allowance in his name was no defense to a proceeding against the endorser, in the name of the Tremont Bank.

APPEAL from commissioners. Declaration in assumpsit against the testator as endorser of a promissory note given by S. F. Belknap. Plea, the general issue; trial by the court, September Term, 1855,—POLAND, J., presiding.

The plaintiff read in evidence the note declared on; and the signatures of all the parties thereto, the due presentment, protest for non-payment, and notice were admitted; and the following facts were also admitted.

S. F. Belknap, the maker of the note, died in July, 1849, and administration was duly granted on his estate in this state, and also in Massachusetts; and commissioners were duly appointed in both states. The note was presented against Belknap's estate, in Massachusetts, and there allowed by the commissioners, in the

name of "Andrew T. Hall, President of the Tremont Bank." It was not presented against Belknap's estate in Vermont.

In Massachusetts a dividend of twenty-six and one-half cents on the dollar had been declared and ordered to be paid to the creditors who had proved their claims there; and notice thereof was given to the said Hall, but the same had not been paid. After this claim had been thus allowed, the testator, Paine, died, July 6, 1853, and commissioners were appointed on his estate; and this claim was presented and disallowed, and the plaintiff appealed.

The defendant claimed that upon these facts no recovery could be had in the name of the plaintiffs, and that at least the amount of the dividend declared in Massachusetts should be deducted; but the court rendered judgment for the full amount of the note, deducting endorsements. Exceptions by the defendant.

*H. Carpenter* for the defendant.

The liability of the endorser follows that of the principal, and cannot be seperated from it, and after an allowance of the claim against Belknap's estate, in the name of Andrew T. Hall, it cannot be allowed against the endorser in the name of another plaintiff. It is unlike the case of two joint and several promisors. *Hackett* v. *Kendall*, 23 Vt., 278. The case of *Sawyer* v. *White, et ux.*, 19 Vt., 40, is not applicable.

*Peck & Colby* for the plaintiffs.

The exceptions show that the note was allowed against the estate of Belknap, in the name of "Andrew T. Hall, President of the Tremont Bank," and that is, in effect, in favor of the bank. The defendant shows no cause for questioning the plaintiffs' title to sue, as no person has title to the note, except the plaintiffs. *Hackett* v. *Kendall*, 23 Vt., 278; *Sawyer* v. *White*, 19 Vt., 40.

The opinion of the court was delivered by

BENNETT, J. We think the judgment of the county court should be affirmed. A judgment against the maker of a note, unsatisfied, is no defense to an action against an endorser of the same note,—and an allowance of a note against the estate of the maker, cannot have a greater effect. If the dividend ordered to be paid

by the court of probate, by the administrator on Belknap's estate, had been paid, it would have reduced the damages as against the endorser; but the order to pay is no satisfaction *pro tanto.*

We think the fact that the note was allowed against the estate of Belknap, in the name of "Andrew T. Hall, President of the Tremont Bank," is no defense to this claim against Paine's estate. If the legal title to that judgment is in Hall, he holds it evidently, in trust, for the benefit of the bank. In this state it has been held that a promise made to A. B., Cashier of a particular bank, naming the bank, is, in law, a promise to the bank. The case of *Hackett* v. *Kendall,* 23 Vt., 278, more than meets this case in principle. If this claim is paid by the estate of Paine, to the Tremont Bank, it will be in no danger of a suit by the president of the bank; and if the demand, as allowed against the estate of Belknap, had been paid to A. T. Hall, president of the Tremont Bank, it would have been a bar to the present claim.

Judgment affirmed.